**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

ILLINOIS CENTRAL RAILROAD COMPANY                                          PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 5:07cv18-DCB-JMR

WARREN R. TURNER, JR.                                                     DEFENDANT

## ORDER

This matter comes before the Court on the defendant's Motion to Set Aside Docket Entry of Default [**docket entry no. 7**].  Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

On February 1, 2007, Illinois Central filed the instant civil fraud suit in this Court against Warren R. Turner, Jr.  In 1996 and then later in 2001, Turner had been a plaintiff in two separate state court asbestos actions against Illinois Central: Cosey v. E.D. Bullard Co., No. 95-0069 (Circuit Court of Jefferson County, Mississippi 1995) and Eakins v. Ill. Cent. R.R. Co., No. 2001-65 (Circuit Court of Jefferson County, Mississippi 2001).  In its complaint Illinois Central alleges that Turner intentionally responded falsely to various interrogatories in the Eakins litigation.  The plaintiff further asserts that these alleged material misrepresentations caused Illinois Central to disburse a $120,000.00 settlement check to Turner, which it otherwise would not have distributed.

On March 2, 2007, having not received an answer from Turner, Illinois Central moved for entry of default [docket entry no. 4], and on March 5, 2007, the clerk entered default [docket entry no. 5], in Illinois Central's favor.  On March 16, 2007, the defendant moved to have the entry of default set aside [docket entry nos. 6, 7].  In his motion to set aside entry of default, Turner argues that the default should be set aside because he (1) is seventy years old, (2) has only an eighth grade education, (3) has a limited ability to read, (4) is in poor health and was hospitalized during a portion of his time to answer, (5) had no attorney until after the time for filing his answer had run, (6) moved to set aside the default fourteen days after it was entered, and (7) has a meritorious defense to the plaintiff's claims.[1]  The plaintiff asserts, "Defendant has not shown that he has a meritorious defense to Illinois Central's complaint, which is essential to setting aside defendant's default."  (Resp. M. Set Aside, 1.)

Federal Rule of Civil Procedure 55 governs both default and the setting aside of a default.  Federal policy evinces a clear preference for disposition of actions on the merits, not by default.  <u>Amberg v. FDIC</u>, 934 F.2d 681, 685 (5th Cir. 1991) ("The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits.  Strict

---

[1]Turner argues that the statute of limitations has run on Illinois Central's claim.

enforcement of defaults has no place in the Federal Rules"). Moreover, "relief from a[n entry of default] should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). The court should also consider "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

In light of the foregoing, the Court finds that the defendant has shown good cause for his delay; therefore, the docket entry of default should be set aside.  Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion to Set Aside Entry of Default [**docket entry no. 7**] is **GRANTED**.

IT IS FURTHER ORDERED that the docket entry of default [**docket entry no. 5**] is **VACATED**.

SO ORDERED, this the  10th  day of   May   , 2007.

                                          s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE