**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

ILLINOIS CENTRAL RAILROAD COMPANY                                  PLAINTIFF

VERSUS                                CIVIL ACTION NO. 5:07cv18-DCB-JMR

WARREN R. TURNER, WILLIAM S. GUY
AND THOMAS W. BROCK                                                DEFENDANTS

**ORDER**

This matter is before the Court sua sponte. On July 7, 2009, the Court instructed both parties in Illinois Central Railroad Company v. Willie R. Harried, et al., civil action no. 5:06cv160-DCB-JMR ("Harried case") and Illinois Central Railroad Company v. Warren R. Turner, Jr., et al., civil action no. 5:07cv18-DCB-JMR ("Turner case") to file position statements regarding consolidation of these cases. All parties have done so. Having carefully considered the plaintiff's position and the defendants' positions, the Court finds and orders as follows:

Consolidation of two cases "in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay." St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc., 712 F.2d 978, 989 (5th Cir. 1983); Fed. R. Civ. Pro. 42. The district court's decision to consolidate is "purely discretionary." Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1161 (5th Cir. 1992)(citing St. Bernard, 712 F.2d at 989)). "The fact that a defendant may be involved in one

case and not the other is not sufficient to avoid consolidation." St. Bernard, 712 F.2d at 989.

The cases at bar share a common plaintiff, common defendants (Guy and Brock), common counsel (including the Honorable Wayne Dowdy representing Harried and Turner), common witnesses, and identical legal issues. The plaintiff, Illinois Central, alleges fraud against Harried, Turner, and Guy and Brock. Illinois Central also alleges breach of good faith and fair dealing against Guy and Brock in both cases. As a result, the questions of law in both cases are identical.

Moreover, the factual issues are overwhelmingly similar. Both Harried and Turner were plaintiffs in Eakins v. Illinois Central Railroad, No. 2001-65 (Jefferson County, MS); both Harried and Turner were represented during the Eakins'settlments by Guy and Brock; Illinois Central alleges that it settled both cases based upon sworn statements provided by Harried and Turner that they had not been involved in prior asbestos litigation; Harried and Turner both state that they informed Guy and Brock of their involvement in Cosey v. E.D. Bullard Co., No. 95-0069 (Jefferson County, MS); Illinois Central alleges that Guy and Brock acted with reckless indifference to the truth of the information they and their clients provided to Illinois Central; and, Guy and Brock deny that Harried and Turner informed them of Harried and Turner's prior involvement in the Cosey case. Additionally, the parties consented to consolidation of these two cases for discovery purposes and the

complaints, answers, motions and responses filed in both cases are substantially similar, if not identical in most instances. Also, both cases are set for trial in February 2009 and, therefore, at the same stages of trial preparation. Contra St. Bernard, 712 F.2d at 990 (denying motion to consolidate because cases were at different stages of preparedness for trial).

Minimal differences regarding the facts of the Harried and Turner cases do exist. Specifically, Harried settled his claim with Illinois Central in the Eakin's case for $90,000. Turner settled his claim in the same case for $120,000. Both of these settlements occurred on different dates. Also, Illinois Central relies on a pulmonary questionnaire presented by Harried as evidence of its fraud claim in the case at bar. For its fraud claim against Turner, Illinois Central relies on a pulmonary questionnaire and interrogatory answers submitted by Turner. Nevertheless, these minor factual differences do not detract from the major factual commonalities presented by both cases.

In support of their position that consolidation will prejudice the rights of the parties, the defendants presume that a reasonable jury will accept Illinois Central's allegations as true because Illinois Central has made the allegations against two separate defendants--Harried and Turner. However, this presumption undermines a jury's ability to act reasonably and decide the facts as presented by the evidence. The minor factual differences in regard to Harried and Turner's settlements in the Eakin's case are

not so great as to confuse a reasonable jury with respect to the application of the law in the cases at bar.  See Janney v. Montgomery Scott, Inc. v. Unibank PLC, 1994 WL 34197, at *2 (E.D. Pa. 1994)(holding that where two actions involved a breach of contract claim and only one involved a tortious interference claim, the "simple fact that a jury would need to resolve additional issues of law in order to find [one of the defendants] liable [was] not sufficient grounds to prevent consolidation").  Furthermore, proper jury instructions will adequately address any confusing issues.  Rimkus Consulting Group, Inc. v. Cammarata, 2008 WL 5210722, *2 (S.D. Tex. 2008)(not reported in F.Supp. 2d).

After balancing the prejudice and possible confusion against the conservation of judicial resources, the costs, and possible delay, the Court finds that consolidation of the cases herein is proper.  Consolidation will conserve costs and prevent delays by ensuring that the Court will not have to seat two juries to hear common facts and apply identical law to the same parties, presenting the same arguments, who are represented by the same attorneys.

Accordingly,

**IT IS HEREBY ORDERED** that Illinois Central Railroad Company v. Willie R. Harried, et al., civil action no. 5:06cv160-DCB-JMR and Illinois Central Railroad Company v. Warren R. Turner, Jr., et al., civil action no. 5:07cv18-DCB-JMR be consolidated into one action hereafter known as Illinois Central Railroad Company v. Willie R.

<u>Harried, Warren R. Turner, William S. Guy, and Thomas W. Brock</u>, civil action no. 5:06cv160.

**SO ORDERED** this the 28th day of December 2009.

<u>     s/ David Bramlette     </u>

**UNITED STATES DISTRICT COURT**